1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRANDON R. FLEEMAN,

11              Petitioner,                   No. CIV S-06-0652 FCD CMK P

12          vs.

13   ROY CASTRO[1],

14              Respondent.           FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2001 conviction and his

18   sentence of five years plus twenty-five years to life.  In his habeas application petitioner

19   acknowledges that his petition is untimely under the one year statute of limitations set forth in 28

20   U.S.C. § 2244(d)(1) and (2).  Petitioner however, urges the court to find that he is entitled to

21   equitable tolling because there was a twenty-one day delay in the filing of his first state habeas

22   petition and  neither he nor his attorney received notice of the California Supreme Court's denial

23   of his habeas petition on November 16, 2005.  The state moves to dismiss this petition on the

24   grounds that this petition is untimely and argues that petitioner is not entitled to equitable tolling.

25

26   _____

        [1]Pursuant to Federal Rule of Civil Procedure 25(d), Roy Castro is substituted for his
     predecessor.

I.      Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996.  AEDPA places a one year statute of limitations on the filing of petitions for writs of habeas corpus.  See 28 U.S.C. § 2244(d).  The one-year limitations period applies to all federal petitions filed after the effective date of AEDPA.  As this petition was filed on March 28, 2006, AEDPA's statute of limitations applies.  Untimely petitions are barred from federal review.  See 28 U.S.C. § 2244(d).

Generally, a state prisoner challenging his custody has one year to file his federal petition from the date on which his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. See  28 U.S.C. § 2244(d)(1)(A). Calculating the timeliness of the federal petition requires more than simply looking at the date of the final state court judgment and the date the federal petition was filed.  That is because the proper filing of a state habeas petition application concerning the pertinent conviction tolls the one-year limitations period.  See 28 U.S.C. § 2244(d)(2).

AEDPA's one year statute of limitations provision is subject to equitable tolling. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc).  In order to establish an equitable tolling, a prisoner must demonstrate (1) extraordinary circumstances beyond the prisoners control that (2) made it impossible to file a petition on time.  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Equitable tolling is "unavailable in most cases."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  See Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003).  The burden of demonstrating grounds for equitable tolling

2

1  rests with the prisoner.  See id.

2  I.      Background

3          Petitioner was convicted of two counts of assault with a firearm, shooting at an

4  inhabited dwelling, felon in possession of a firearm and vehicle theft on July 10, 2001.  On June

5  10, 2003, the California Court of Appeal affirmed the judgment.  Petitioner, who was

6  represented by counsel, filed three state habeas petitions.  The first was mailed to the California

7  Supreme Court on June 28, 2004, filed on July 19, 2004 and denied on September 9, 2004.  The

8  second was filed October 21, 2004 and denied November 2, 2004.  The third was filed December

9  21, 2004 and denied on November 16, 2005.

10         Petitioner avers that neither his counsel nor he received notice of the California

11  Supreme Court's November 16, 2005 decision denying his third habeas petition.  Petitioner's

12  counsel became aware of the Supreme Court's decision only when he telephoned the Supreme

13  Court to determine the status of petitioner's case on March 7, 2006.  On March 9, 2006

14  petitioner's attorney mailed him a letter advising petitioner of the Supreme Court's decision.

15  Due to prison mail delay, petitioner did not receive his letter until March 19, 2006.  Petitioner

16  filed this petition on March 28, 2006.

17         There is no dispute that the three state habeas petitions were properly filed.  (Mot.

18  to Dismiss, pg 4.)  Additionally, there is no dispute that petitioner was entitled to interval

19  tolling–that is tolling of the statute of limitations, during the time that the first petition was filed

20  (July 19, 2004) to the time that the third petition was denied (November 16, 2005).  (Id.)

21  Accordingly, the only issue for the court's decision is whether the California Supreme Court's

22  three week filing delay and failure to provide petitioner's counsel written notice of the

23  November 16, 2005 denial of petitioner's third state habeas petition entitles petitioner to

24

25

26

1    equitable tolling, making his petition filed March 28, 2006 timely.[2]

2    II.    Discussion

3    ＿＿＿＿＿＿Respondent urges the court to find that petitioner is not entitled to equitable

4    tolling.  Specifically, respondent argues that petitioner's counsel was not diligent in tracking the

5    status of petitioner's third state habeas petition because petitioner's counsel should have checked

6    the status of petitioner's case monthly either via the telephone or the California Supreme Court's

7    website.  Respondent further asserts that petitioner's first state court habeas petition being filed

8    twenty-one days after it was mailed is of no consequence because counsel was put on notice by

9    the file stamped copy of the first page of the petition which was mailed to him that the petition

10   was not filed until July 19, 2004.   The court cannot agree with respondent's arguments.

11           The court is mindful that equitable tolling is unavailable in most cases and that

12   the threshold for triggering such is very high.  See Miles, 187 F.3d at 1107, Miranda v. Castro,

13   292 F.3d at 1063.  The record here shows that petitioner was placed in a very difficult position

14   due to two events beyond his control.  First,  the California Supreme Court's three week delay in

15   filing his first habeas petition.  Next, the California Supreme Court's failure to notify petitioner's

16   counsel or petitioner of the denial of petitioner's third habeas petition on November 16, 2005.

17   ＿＿＿＿＿＿Petitioner and his counsel depended on California Supreme Court docketing

18   clerks to file his first habeas petition in a timely manner.  Once petitioner's counsel mailed the

19   petition for filing, any delay in filing the petition was outside of petitioner's control.  See e.g.

20   Miles v. Prunty, 187 F.3d 1104, 1106 (9th Cir. 1999)(The period of time expended by prison

21   officials in drawing on a petitioner's trust account and preparing a check to pay for the district

22   court filing fee was subject to equitable tolling).  Additionally, the court finds that the California

23   Supreme Court's three week delay in filing petitioner's first habeas petition is an extraordinary

24

25       [2]Petitioner's contention that he had one year and ninety days from the date the Appellate
     Court affirmed his judgment because the period of direct review includes the period within
26   which a defendant can file for a writ of certiorari from the United States Supreme Court must
     also fail.  Petitioner did not seek review of his conviction in the highest state court, therefore, he
     was not eligible to seek a writ of certiorari from the United States Supreme Court.

1     circumstance. Certainly, one would hope that petitions and complaints mailed to the Supreme

2     Court do not habitually experience a three week delay before filing. Accordingly, the court finds

3     that petitioner is entitled to equitable tolling from June 29, 2004 (the day that the petition should

4     have reached the California Supreme Court) through July 19, 2004 (the date the petition was

5     actually filed) See e.g., Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006)(holding

6     that a complaint is "brought" by a prisoner when he submits it to the court). Accordingly, by the

7     time petitioner's petition was filed he had used 344 days of the one year statute of limitations

8     period.

9             The court next turns to the issue of the California Supreme Court's failure to

10   notify petitioner of the decision denying his habeas petition.

11           Lengthy delay between the issuance of a necessary order and an inmate's receipt

12   of it might provide a basis for equitable tolling. See Drew v. Dept. of Corrections, 297 F.3d

13   1278 (11th Cir. 2002), Miller v. Collins, 305 F.3d 491, 495 (6th Cir. 2002). In such a case, the

14   petitioner has the burden of establishing (1) delayed notice of the denial of his state petition, (2)

15   that he diligently attempted to ascertain the status of the state court's order, and (3) that the delay

16   prevented the inmate from filing a timely federal habeas petition.

17           Here, petitioner has established that there was a delayed notice of the denial of his

18   state petition. Petitioner's state habeas counsel, Frank G. Prantil, declares that the California

19   Supreme Court denied petitioner's habeas appeal on November 16, 2005, but he never received

20   timely notice. (Doc. 7, pg. 5 (declaration of Frank G. Prantil.)). In March 2006, Mr. Prantil

21   learned, through a telephone call, that the petition had been denied and immediately sent a letter

22   to his client advising him of such. (Id.)

23           The court finds that petitioner was diligent in his attempts to ascertain the status

24   of the state court's order. Mr. Prantil declares that he telephoned the Supreme Court in July

25   2005 and in either late October or early November 2005 to seek the status of petitioner's habeas

26   application. (Id.) In both instances, Mr. Prantil was advised that petitioner's petition was still

1  pending.  (Id.)  Although respondent asserts that, to be diligent, petitioner's state habeas counsel

2  should have called the court monthly, the court is reluctant to shift the burden of notification of

3  decisions from the state court.  Given that the state court's failure to notify litigants of decisions

4  is an extraordinary occurrence, the court finds that Mr. Prantil's calling the court approximately

5  every three months constitutes a diligent effort to ascertain the status of the state petition.

6           It is obvious from the record that the delay notifying petitioner of the state court

7  denial prevented petitioner from filing a timely federal habeas petition.  The record reveals that

8  Mr. Prantil sent petitioner a letter on March 9, 2006, informing him of the denial.  Petitioner

9  states that he received the letter on March 18, 2006.  Ten days later, on March 28, 2006,

10 petitioner's habeas application was filed in this court. The court finds that petitioner is entitled to

11 equitable tolling from November 16, 2005 (the day his state habeas was decided) until March 7,

12 2006 (the day petitioner's attorney was notified).

13          As petitioner is entitled to equitable tolling from June 29, 2004 (the day that the

14 petition should have reached the California Supreme Court) through July 19, 2004 (the date the

15 petition was actually filed), petitioner had twenty-one days left before the one year statute of

16 limitations had run.  As there are twenty-one days between March 7, 2006 (when equitable

17 tolling ended) and March 28, 2006 (when petitioner filed his federal habeas), the court finds that

18 petitioner's federal habeas was timely filed.

19          Although equitable tolling is unavailable in most cases, see Calderon (Beeler),

20 128 F.3d at 1288, the court finds that the doctrine is applicable here.  Accordingly, it is

21 recommended that respondent's motion to dismiss be denied and that respondent be directed to

22 answer the habeas petition.

23

24 III.    Conclusion

25          In accordance with the above, IT IS HEREBY RECOMMENDED that

26          1.  Respondent's motion to dismiss this habeas action on the grounds that it was

6

1  filed beyond AEDPA's one year statute of limitations be denied.

2          2.  Respondent be directed to file an answer within forty-five days.

3          These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

5  after being served with these findings and recommendations, petitioner may file written

6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

8  specified time may waive the right to appeal the District Court's order. See  Martinez v. Ylst, 951

9  F.2d 1153 (9th Cir. 1991).

10

11  DATED:   October 27, 2006.

12

13  _____

    **CRAIG M. KELLISON**
14  UNITED STATES MAGISTRATE JUDGE